IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:17-CR-3125 |
| vs. | ORDER |
| SHAWN THOMAS BROOKS, | |
| Defendant. | |

This matter is before the Court on the defendant's motion for judgment of acquittal and for new trial (filing 133), based on alleged insufficiency of the evidence. The motion will be denied.

First, the defendant renews his motion for judgment of acquittal pursuant to Fed. R. Crim. P. 29(c)(1). But in ruling on a motion for acquittal, the Court must determine whether sufficient evidence was presented to support a verdict without considering the weight of such evidence or its credibility, and the Court has neither the duty nor the authority to grant a motion for acquittal based on the credibility of a witness. *United States v. Kirkie*, 261 F.3d 761, 768 (8th Cir. 2001); *see United States v. Stewart*, 854 F.3d 472, 475 (8th Cir. 2017). Here, the evidence—particularly the testimony of Marcus Remus—is clearly sufficient to support the jury's verdict. Accordingly, for the reasons stated on the record at the close of evidence, the Court will deny the defendant's renewed motion for judgment of acquittal.

Second, the defendant moves for a new trial pursuant to Fed. R. Crim. P. 33(a), again arguing that the evidence is insufficient. A motion for new trial based on sufficiency of evidence is disfavored. *United States v. Davenport*, 910 F.3d 1076, 1080 (8th Cir. 2018). The Court does have broader discretion to

grant a new trial under Rule 33 than to grant a motion for acquittal under Rule 29, and may weigh the evidence and evaluate the credibility of the witnesses. *United States v. Benton*, 890 F.3d 697, 708 n.4 (8th Cir. 2018); *United States v. Stacks*, 821 F.3d 1038, 1045 (8th Cir. 2016). But the Court must nonetheless exercise the authority to grant a new trial sparingly, and with caution. *Benton*, 890 F.3d at 708 n.4; *Stacks*, 821 F.3d at 1045. The Court must conclude that the evidence presented weighs heavily enough against the verdict that a miscarriage of justice may have occurred. *Davenport*, 910 F.3d at 1080. And that standard is not met here: this is not an "exceptional case[] in which the evidence preponderates heavily against the verdict." *See United States v. Anwar*, 880 F.3d 958, 970 (8th Cir. 2018). Accordingly,

IT IS ORDERED that the defendant's motion for judgment of acquittal and for new trial (filing 133) is denied.

Dated this 6th day of February, 2019.

BY THE COURT:

John M. Gerrard
Chief United States District Judge