IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:17-CR-3125 |
| vs. | |
| SHAWN THOMAS BROOKS, | MEMORANDUM AND ORDER |
| Defendant. | |

    This matter is before the Court on two motions. The first is the defendant's request (filing 189) to withdraw his motion to vacate pursuant to 28 U.S.C. § 2255, because he is not prepared to litigate it at this time. The Court will grant that motion and permit the defendant to withdraw his motion (filing 187) without prejudice.

    The defendant's second motion requests free copies of his Trial Transcripts, sentencing transcripts, preliminary hearing transcripts, discovery, indictment and presentencing investigation documents to proceed in filing for an appeal." Filing 190. But the defendant does not have the right to receive copies of documents without payment, even if he is indigent. *See* 28 U.S.C. § 1915; *Lewis v. Precision Optics, Inc.*, 612 F.2d 1074, 1075 (8th Cir. 1980). The defendant's appeal has already been taken to the Eighth Circuit, which affirmed the judgment, and his petition for certiorari has already been filed. So, it is not clear what new "appeal" the defendant intends to file, unless it's a postconviction motion, and he's asking to withdraw that.[1] In the absence

---

[1] And in any event, the defendant cannot pursue postconviction relief while his direct appeal is still pending. *See United States v. Jagim*, 978 F.2d 1032, 1042 (8th Cir. 1992); *Masters v. Eide*, 353 F.2d 517, 518 (8th Cir. 1965).

of any pending proceeding—much less one with any demonstrated merit—the Court sees no basis to provide copies without payment.

Instead, a transcript of the trial has already been prepared at the request of counsel, so the defendant may pay the Clerk for that 667-page document at the established rate of 50¢ per page. A transcript was also prepared of the hearing on his motion to suppress, which was another 43 pages, and the *Missouri v. Frye* hearing, which was another 12 pages, and he can also order those. No transcript was prepared of the initial appearances of any of the indictments—held on January 22 and May 30, 2018—so those would need to be ordered separately. The Court will provide the defendant with a request for transcript form.[2] And some of the documents, such as whatever might have been provided during discovery, aren't in the Court's possession, and would have to be obtained from the defendant's counsel.[3]

IT IS ORDERED:

1. The defendant's motion to withdraw (filing 189) is granted.

2. The defendant's motion to vacate (filing 187) is withdrawn without prejudice to reassertion.

3. The defendant's motion for copies (filing 190) is denied.

---

[2] Should the defendant want to order those transcripts,

[3] A member of the Nebraska bar is ethically required to protect a client's interests, including the surrender of papers and property to which the client is entitled. *See* Neb. Ct. R. of Prof. Cond. § 3-501.16(d). The best thing for the defendant to do at this point might be to contact his counsel and ask for his case file, which may contain most if not all of what he's seeking.

4. The Clerk of the Court shall provide the defendant with a copy of this order along with a request for transcript form.

Dated this 17th day of November, 2020.

BY THE COURT:

John M. Gerrard
Chief United States District Judge